UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUDY PEREZ**,

    Plaintiff,

v.                                                                 **CIVIL NO. 07-0927 MCA/LAM**

**GILBERT CHAVEZ, DANNY GONZALES,
DEPUTY EDMUNSON, DEPUTY CISNEROS,
THE BOARD OF COUNTY COMMISSIONERS
OF EDDY COUNTY, THE PECOS VALLEY
DRUG TASK FORCE, and JOHN DOE
DEFENDANTS I through IV,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendants Motion for Partial Summary Judgment filed August 21, 2008 (Docket No. 41). Defendants seek judgement on all Plaintiff's claims in this action except those pertaining to Defendant Danny Gonzales in his individual capacity.

### I. BACKGROUND

Plaintiff was incarcerated in the Eddy County Detention Center on November 18, 2006. On the morning of that day, jail officials announced a "shake down" of the facility where all prisoners would be removed from their cells and the cells searched. Plaintiff asserts that the shakedown was conducted by the Eddy County Sheriff's Department and the members of the Pecos Valley Task

Force, including the individually named Defendants. Plaintiff contends that after he was removed from his cell, he was repeatedly shocked with a Taser and then severely beaten, despite the fact that he had done nothing to threaten or harm the officers who removed him from his cell. Plaintiff asserts that Defendants' actions constituted an intentional assault and battery and violated his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. He asserts that the actions of the individual defendants were a result of the failure of the Eddy County Sheriff's Office, the Pecos Valley Drug Task Force, and the Eddy County Board of County Commissioners to provide proper supervision and training of their employees and agents.

## II. STANDARD OF LAW

Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56(e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). Mere allegations, without more, are insufficient to avoid summary judgment. Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th Cir. 1997).

In determining whether summary judgment is appropriate, the Court will not weigh the evidence and determine the truth but rather determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. However, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

Plaintiff failed to file a response to the instant motion for summary judgment. D.N.M.LR-Civ. 7.1(b) states that failure to respond to a motion within the time prescribed for doing so constitutes consent to grant the motion. Nonetheless, the Tenth Circuit Court of Appeals has held that trial courts may not rely upon such local rules to grant judgment for a party, but rather must examine the merits of an unopposed summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). "The district court must make the additional determination that judgment for the moving party is appropriate under Rule 56." Id. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion." Id. With these standards in mind, the Court must examine Defendants' motion and assertions of material fact.

**III. ANALYSIS**

Defendants seek summary judgment with respect to all of Plaintiff's claims with the exception of his claim that he was shot with a Taser by Defendant Danny Gonzales despite Plaintiff's cooperation with Eddy County Detention Center staff. Defendants note a factual dispute with respect to the events of November 18, 2006 which precludes summary judgment for Defendant

3

Gonzales in his individual capacity.

**Defendants Edmondson and Chavez**

Defendants raise the defense of qualified immunity. Qualified immunity is an affirmative defense, Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982), which allows a government official to invoke "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (internal citations omitted). In resolving qualified immunity cases, courts first consider whether plaintiffs allege a deprivation of an actual constitutional right and, if so, whether the plaintiffs have shown that the right was clearly established at the time of the alleged violation. See Conn v. Gabbert, 526 U.S. 286, 290 (1999). To determine whether a right is "clearly established", the Court assesses the objective legal reasonableness of Defendants' actions at the time of the alleged violation and asks whether the "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right. " Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1186 (10th Cir. 2001) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The use of excessive force by jail guards can violate a prisoner's clearly established constitutional rights depending upon "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see Wilson v. Meeks, 52 F.3d 1547, 1555 (10th Cir. 1995) (applying Eighth Amendment standards to claim by pretrial detainee made pursuant to the Fourteenth Amendment Due Process Clause). The law with respect to these rights was clearly established at the time of the events giving rise to this action. See Currier v. Doran, 242 F.3d 905, 923 (10th Cir. 2001)(In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on

point, or clearly established weight of authority from other courts; it is not necessary, however, for plaintiffs to find a case with exact corresponding factual circumstances).

Defendants assert that Defendants David Edmondson and Defendant Gilbert Chavez are entitled to qualified immunity, in part because they were not present at the Eddy County Detention Center on November 18, 2006 and because they did not have any operational role in the Detention Center on that date. As previously noted, Plaintiff has not filed a response to the motion and has not contested the affidavits of Defendants Edmondson and Chavez affirming that they were not present on the day Plaintiff alleges he was beaten. Plaintiff has failed to show that the alleged constitutional violations are based upon these Defendants' actions. See Woodward v. City of Worland, 977 F.2d 1392, 1396-97 (10th Cir. 1992) (Plaintiffs have the burden to establish both that the facts or allegations are sufficient to show a constitutional violation and that the law was clearly established when the alleged violation occurred). Personal participation is an essential element of a §1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Accordingly, there is no issue of material fact with respect to these Defendants and they are entitled to qualified immunity from this suit, as they did not violate Plaintiff's constitutional rights.

**Pecos Valley Drug Task Force and Municipal Liability**

Defendants assert that the Pecos Valley Task Force and the Board of County Commissioners of Eddy County should be dismissed from this action as well. Defendants assert that the Pecos Valley Task Force is not a separate entity liable to suit, as it is a subsidiary department of a public entity. Defendants have shown that the Pecos Valley Task Force operates pursuant to a joint powers agreement and that the funds for the Task Force are administered by Eddy County. Defendants further assert that the Task Force did not operate or supervise the search that led to Plaintiff's claims.

The Court agrees that the Pecos Valley Task Force is not a separate, suable entity under the facts presented in this case. See Boren v. City of Colorado Springs, 624 F.Supp. 474, 479 (D. Co. 1985) (dismissing Defendant Police Department where city government administering department also sued). Further, Plaintiff has failed to show a genuine issue for trial with respect to Defendants' asserted fact that the Pecos Valley Task Force did not operate or direct the shake down of the Eddy County Jail on November 18, 2006. See Jenkins, 81 F.3d at 990 (party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." ). Accordingly, that entity is entitled to dismissal from this action.

Defendant Board of County Commissioners of Eddy County must also be dismissed. In order to hold this Defendant liable, Plaintiff must show that it directly caused the alleged constitutional violations by instituting a policy of some nature that was the moving force behind the violations. Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-85 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985)). A *respondeat superior* theory of liability is insufficient to support a §1983 claim. Board of County Comm. of Bryan County v. Brown, 520 U.S. 397, 403 (1997). While Plaintiff has alleged that the Board of County Commissioners failed to adequately train or supervise Defendant Danny Gonzales, he has failed to allege or show that such failures demonstrate a deliberate or conscious choice by the Board of Commissioners as required to establish municipal liability under §1983. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). This failure is fatal to his claim in the face of Defendants' motion for summary judgment. See Ward, 125 F.3d at 1349 (Mere allegations, without more, are insufficient to avoid summary judgment).

**IT IS THEREFORE ORDERED** that Defendants David Edmondson, Gilbert Chavez, Pecos County Task Force and Board of County Commissioners of Eddy County's Motion for Partial Summary Judgment filed August 21, 2008 (Docket No. 41) is **granted**. All claims against Defendants David Edmondson, Gilbert Chavez, Pecos County Task Force and Board of County Commissioners of Eddy County are hereby dismissed.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**